UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

STATE OF MICHIGAN,

        Plaintiff,               Case No. 2:14-cv-146

v.                                     Honorable Robert Holmes Bell

LYONELL JOHNSON,

        Defendant.
_____/

## OPINION

This matter is before the Court on Defendant Lyonell Johnson's *pro se* notice of removal of his Chippewa County state-court criminal proceedings to this Court pursuant to 28 U.S.C. §§ 1443, 1446. In the notice, Defendant alleges that he has been charged with "Criminal Enterprise Rackete[e]ring Proceeds" and that his constitutional rights will be violated if the case proceeds to trial.[1] (Notice of Removal, docket #1, Page ID#1.) He allegedly requested a "25% black jury poll," but his appointed counsel informed him that "there were no blacks available in the jury poll and if any appear, the Prosecution would have them excluded." (*Id.*) Defendant also contends that the prosecution has engaged in "fraud, conspiracy, corruption and intentional violation" of his rights by "inciting and creating perjury and the presentation of false evidence" against him. (*Id.* at Page ID##1-2.) In addition, Defendant's appointed attorney allegedly refuses to represent Defendant.

---

[1] According to documents filed after the notice of removal, it appears that Defendant has since pleaded guilty to the charges against him, but he has challenged the plea because he contends that it was involuntary. (*See* Notice of Hr'g for Mot. to Withdraw Plea, 50th Cir. Ct. for Chippewa Cnty. (Aug. 12, 2014), docket #16-1, Page ID#258; Notice to Appear for Sentencing, 50th Cir. Ct. for Chippewa Cnty. (Aug. 5, 2014), docket #15.)

Defendant seeks removal to this Court to afford him his "constitutional right to a black jury, competent counsel and fair representation." (*Id.* at Page ID#2.)

A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443.[2] This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

---

[2] Defendant also cites 28 U.S.C. § 1446 as a basis for removal, but that section provides a procedure for removal of a criminal prosecution. It does not provide for a substantive right of removal.

Even if Defendant could satisfy the first prong, his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law" that prohibits his enforcing his federal rights in state court. As the United States Supreme Court has explained:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). Defendant cannot show that the state trial and appellate courts will not be able to vindicate his rights.[3] Thus, removal is not proper under § 1443(1).

Furthermore, Defendant's criminal action does not satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . . [,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme

---

[3] Indeed, if he is convicted and a judgment is entered against him, Defendant has a right to appeal that judgment in the Michigan Court of Appeals. If he is unsuccessful, he may seek leave to appeal in the Michigan Supreme Court.

Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants & Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Defendant does not allege that he is a federal officer, a person assisting a federal officer in the performance of that officer's duties, or a state officer, § 1443(2) does not apply.

## Conclusion

Because removal is not authorized under § 1443, this Court is without jurisdiction to review Defendant's criminal proceedings at this time.[4] By separate Order, the Court will summarily remand the matter to state court pursuant to 28 U.S.C. § 1446(c)(4). Under that section, "[i]f it clearly appears on the face of the notice [of removal] and any exhibits . . . that removal should not be permitted, the court shall make an order for summary remand."

An order consistent with this Opinion will be entered.


Dated: September 3, 2014                         /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE

---

[4] The party seeking removal bears the burden of demonstrating that the district court has jurisdiction over the matter, and "all doubts [are] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). Defendant has failed to meet his burden.